E. NYE HUTCHINSON, Ex'r of T. J. HOLTON, *v.* SAM'L P. SMITH and WM. GRAY.

A plat and deed for a lot, corresponding with the one in dispute, on the other side of the same square, being written admissions of the vendor, relative to the quantity of land sold, is admissible in evidence in a suit wherein such quantity is one of the points to be decided by the jury.

CIVIL ACTION, tried before *Logan, J.,* at Fall Term, 1872, of the Superior Court for MECKLENBURG county.

The plaintiff, as executor, sold certain lots in the town of Charlotte, at which sale the defendant, Smith, was a purchaser and gave the note sued on for the amount of the purchase money.

In their answer, admitting the execution of the note, the defendants allege, that at the sale, " it was distinctly announced and well understood that the lot purchased by defendant, Smith, extended from the N. C. Railroad to the line of Mrs. Holton's dower, and although the note given to plaintiff specifies a certain number of feet, as the front of

said lot on Trade street, without calling for the dower line, yet the defendant Smith supposed that the number of feet, so specified in the note, would extend to the dower line, especially as the note was drawn by the plaintiff, who well understood, and who has admitted since, that it was his intention at the time of the sale, to include all the lot from the Railroad to the dower line." It is further alleged in the answer, that the plaintiff claims and proposes to sell fifty feet of the lots purchased by the defendant Smith. He further alleges that he has offered to pay the note sued on, provided the plaintiff would convey to him the quantity of ground he purchased, to-wit: to the dower line; insisting that he should not be required to pay the whole note, unless the plaintiff be compelled to make him a deed according to the understanding.

The allegations in the defendant's answer were sustained by the evidence, and the jury returned a verdict in response to issues submitted to them : 1st. That the plaintiff is entitled to recover the amount of the purchase money and interest; 2d. That the quantity of land sold was from the N. C. Road to the widow's dower; and 3d, That the plaintiff make a deed for that quantity.

The judgment of the Court was that the plaintiff recover the amount of the note and interest, saying nothing of the affirmative relief asked by defendants. From which judgment the defendants appealed.

*Dowd*, for appellants.
*Wilson* and *R. Barringer*, contra.

PEARSON, C. J. This case presents the working of C. C. P. in a new phase. The action is for balance due on a note. The defendants make no defence and set up no counterclaim, but aver that the note was given for the price of a parcel of land in the city of Charlotte, and set up a claim,

not as counter, or in bar of the plaintiff's right of action, but as defendant and growing out of the transaction, that the defendant Smith is entitled to have a deed for the land purchased by him as a concurrent act with the payment of the price; but that a difficulty in the specific performance of the contract of purchase has been raised by reason of the fact that the plaintiff is not willing to execute a deed for the land that was sold by him and bought by defendant Smith, to-wit: lots Nos. 1 and 3 on Trade street, extending from the railroad lot to the dower lot, but insists upon stopping short of the dower lot by fifty feet, on the ground that the distance from the railroad lot to the dower lot, on measurement, turns out to be 174 feet, whereas it is recited in the note as being 124 feet, which the defendants allege was caused by mistake, and asks to have the mistake corrected so that the defendant Smith may get a deed for the land on payment of the purchase money. Upon an issue submitted to a jury, it is found that lots No. 1 and 3 are bounded by the railroad lot and the dower lot, so as take in the whole front.

We are of opinion that the plot and the deed made by plaintiff for a lot corresponding on the other side of the square was properly admitted in evidence. The deed and its recital, although made to another person, are admissions (certainly not less forcible because in writing) of the plaintiff relevant to the issue as to what land was sold.

After verdict, in this new phase of procedure and practice, there was a difficulty as to the judgment that should be rendered. His Honor rendered judgment that plaintiff recover the sum of $——, balance of the principal and interest of the note. From which judgment the plaintiff appealed. This appeal was for error in the reception of evidence, to-wit: the plot and deed.

In this there is no error. The motion for a *venire de novo*

was properly refused, and the judgment in respect to the ground upon which the plaintiff appealed is affirmed.

See same case on appeal of defendant.

PER CURIAM. Judgment accordingly.